UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-CV-03155 |
| RANDY WINCHESTER, | ) |
| EMILY WINCHESTER, | ) |
| DANCING COW FARMS | ) |
| Defendants. | ) |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY REGARDING THE AMOUNT IN CONTROVERSY ELEMENT OF 28 U.S.C. SECTION 1332 FOR PURPOSES OF ESTABLISHING SUBJECT MATTER JURISDICTION FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**

**COMES NOW** Plaintiff Bigfoot On The Strip, LLC, by and through its attorneys, and for its Suggestions in Opposition to Defendants' Motion For Leave To Conduct Discovery Regarding The Amount In Controversy Element of 28 U.S.C. Section 1332 For Purposes of Establishing Subject Matter Jurisdiction for the United States District Court For The Western District of Missouri ("Defendants' Motion"), states as follows:

**INTRODUCTION**

Defendants' Motion fails to cite any law that permits or authorizes the type of discovery that Defendants seek to conduct in this case. This is, of course, because Defendants are not entitled to conduct the discovery they request. Darrell Henley, the authorized agent of Plaintiff, averred that the total damages suffered by Plaintiff did not and do not exceed $75,000.00. (Affidavit of Darrell Henley, Doc. 16-1). For the purposes of determining diversity jurisdiction, the amount in controversy is determined either at the time of filing or at the time of removal.

Mr. Henley's Affidavit thus establishes the amount in controversy at either relevant time does not meet the amount required for this Court's jurisdiction. Defendant's Motion is nothing more than a delay tactic because Defendants' know that they have not carried their jurisdictional burden and the case should be remanded to state court. Defendants' Motion should thus be denied.

## ARGUMENT

The amount in controversy is determined at the time the action is filed or at the time it is removed. *See Kina v. Mindland Funding, LLC*, 2015 WL 5920646 at *2 (E.D. Mo. Oct. 9, 2015); *Van Petty v. Homesite Indemnity Co.*, 2012 WL 13027387 at *2 (W.D. Mo. Jun. 13, 2012). Where there are doubts about the amount in controversy, or if the face of the pleadings do not establish the amount in controversy, then the amount may be clarified by affidavits. *See, e.g., Kina*, 2015 WL 5920646 at *2. "All doubts about federal jurisdiction must be **_resolved in favor of remand_**." *Dominic v. Mid-Western Indemnity Company*, 2014 WL 12601512 (W.D. Mo. Oct. 2, 2014) (emphasis added).

Here, Plaintiff, in accordance with Missouri law, pleaded damages necessary to establish the jurisdiction of the appropriate division of the Circuit Court of Taney County, Missouri. Defendants' have attempted to convert that jurisdictional pleading into evidence that Plaintiff seeks damages in excess of $75,000.00. Defendants' argument, however, is without merit.

As evidenced by the face of Plaintiff's Petition, Plaintiff seeks damages "in excess of $25,000.000." (Pl.'s Pet., Doc. 5-1). Defendants try to argue that the Petition thus shows damages exceeding $75,000.00 because there are three tort claims (Count I—Libel; Count II—Negligence; and Count IV—Tortious Interference with a Business Expectancy). But Defendants ignore that Missouri law prohibits Plaintiff from multiple recoveries for the same injury. *See,*

2

*Twin City Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co.*, 491 F.2d 1122, 1124 (8th Cir. 1974) ("The doctrine of election of remedies has long been recognized in Missouri law. . . The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong."). Missouri law will thus limit Plaintiff's recovery because the injury underlying each of the tort claims is the same—damage to Plaintiff's reputation that caused harm to its business. Defendants' Motion fails to establish any basis for jurisdictional discovery about the amount in controversy—especially in light of Mr. Henley's affidavit, which establishes that Plaintiff did not and does not seek damages in excess of $75,000.00.

As a final effort, Defendants attempt to argue that Mr. Henley's Affidavit does not address punitive damages. Defendants' argument misreads and misstates the averments made by Mr. Henley. Mr. Henley's Affidavit does not set forth a separate category of punitive damages because Mr. Henley's Affidavit avers that Plaintiff did not and is not seeking damages in excess of $75,000.00, punitive or otherwise. *See* (Affidavit of Darrell Henley, Doc. 16-1, ¶¶ 5, 6). There is no requirement that Plaintiff include a separate averment regarding punitive damages. Defendants' arguments are thus much ado about nothing. Moreover, the mere pleading of a request for punitive damages is insufficient to establish that the amount in controversy is met without specific facts from the party seeking removal that would show that the plaintiff is entitled to recover them and that recovery would meet the jurisdictional threshold. *See Wiemers v. Good Samaritan Soc'y*, 212 F. Supp. 2d 1042, 1046–47 (N.D. Iowa 2002) (citing cases). And here, nothing in Defendants' Motion or their Notice of Removal establishes facts to show that Plaintiffs would recover punitive damages to such an extent that they would exceed the threshold amount for jurisdiction.

This Court's decision in *Cottini v. 24 Hour Fitness USA, Inc.*, is instructive as to the issues raised by Defendants' Motion and also Plaintiff's Motion to Remand, *See Cottini v. 24 Hour Fitness USA, Inc.*, 2016 WL 6836946 (W.D. Mo. Nov. 18, 2016). In that case, this Court remanded the parties' dispute to the state court from which it arose when the plaintiff filed an affidavit stating that his damages did not exceed, nor did he expect them to exceed, $75,000.00. *Id*. at *1. *Cottini* is especially notable because in that case the plaintiff sought damages in his petition of at least $50,000.00 **<u>and also sought punitive damages</u>** pursuant to the Missouri Merchandising Practices Act. *Id*. This Court remanded the case finding that proof of the amount in controversy was not established. *Id.*

Defendants' Motion is simply an attempt to delay remand by requesting discovery because Defendants know that their wild speculations about Plaintiffs' revenue and the supposed effect of one Trip Advisor review is insufficient to carry their burden for removal. As noted *supra* Defendants cite no law that permits the discovery they have requested. Plaintiff has already stipulated that it was not, and is not, seeking damages in excess of $75,000.00, punitive or otherwise, and thus, the case should be remanded to state court for the reasons set forth more fully in Plaintiff's Motion to Remand, Suggestions in Support, and Reply Suggestions in Support. For the same reasons, Defendants' instant Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' Motion For Leave To Conduct Discovery Regarding The Amount In Controversy Element of 28 U.S.C. Section 1332 For Purposes of Establishing Subject Matter Jurisdiction for the United States District Court For The Western District of Missouri, and for such other orders and relief as the Court deems just and proper.

4

Respectfully submitted,

NEALE & NEWMAN, L.L.P.


By: /s/ Bryan D. Fisher
    Bryan D. Fisher, #65904

1949 E. Sunshine, Ste. 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone:   (417) 882-9090
Facsimile:   (417) 882-2529
Email:   bfisher@nnlaw.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, on this 11th day of July, 2018.

**NEALE & NEWMAN, L.L.P.**


By: /s/ Bryan D. Fisher
    Bryan D. Fisher, #65904