UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case № 6:18-CV-03155 |
| ) | |
| RANDY WINCHESTER; ) | |
| EMILY WINCHESTER; and ) | |
| DANCING COW FARMS, ) | |
| ) | |
| Defendants. ) | |

## EMILY WINCHESTER'S ANSWER TO THE PETITION AND COUNTERCLAIMS

COMES NOW, Emily Winchester, by and through her counsel of record, Jennifer R. Johnson, and states the following in response to the allegations of Plaintiff's Petition:

1. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the averments in paragraph number 1 of the Petition, and therefore denies the same.

2. This Defendant denies the averments of paragraph number 2, 3, 4, and 5 of the Petition.

3. This Defendant admits that she traveled to Branson, Missouri, in March 2018, and that she stayed in Branson, Missouri from March 2nd to March 4th of that year. She admits that she patronized Plaintiff's place of business, but denies the remaining averments of paragraph 7 of the Petition.

4. This Defendant denies the averments of paragraphs 7 (including each of its subparts), 8, 9, 10, 11, and 12 of the Petition.

## COUNT I - LIBEL

5. This Defendant incorporates her responses to paragraphs 1 through 12 of the Petition, as if fully set forth herein.

6. This Defendant denies the averments of paragraphs 14, 15, 16, 17, 18 and 19 of the Petition.

## COUNT II - NEGLIGENCE

7. This Defendant incorporates her responses to paragraphs 1 through 19 of the Petition, as if fully set forth herein.

8. This Defendant denies paragraphs 21, 22, and 23 of the Petition.

## COUNT III – PUNITIVE DAMAGES

9. This Defendant incorporates her responses to paragraphs 1 through 23 of the Petition, as if fully set forth herein.

10. This Defendant denies the averments of paragraphs 25, 26, 27 and 28 of the Petition.

## COUNT IV – TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

11. This Defendant incorporates her responses to paragraphs 1 through 28 of the Petition, as if fully set forth herein.

12. This Defendant denies the averments of paragraphs 30, 31, 32, 33, 34 and 35 of the Petition.

## COUNT V – PRELIMINARY AND PERMANENT INJUNCTION

13. This Defendant incorporates her responses to paragraphs 1 through 35 of the Petition, as if fully set forth herein.

14. This Defendant denies the averments of paragraphs 37, 38, 39, 40, 41, 42, and 43 of the Petition.

## ADDITIONAL RESPONSES AND DEFENSES

15. Plaintiff's Petition fails to state claims against this Defendant upon which relief can be granted.

16. This Court lacks personal jurisdiction over this Defendant.

17. The statements at issue were true.

18. The statements at issue were statements of opinion, which may not serve a basis for the claims asserted by Plaintiff's Petition.

19. Plaintiff's claims are barred by the equitable doctrine of estoppel.

20. Plaintiff's claims are barred by the First Amendment, and the statements at issue are protected by absolute and/or qualified privilege.

21. Plaintiff's own business practices, including but not limited to suing its customers for unfavorable opinions, are the actual cause of any losses claimed by Plaintiff herein.

22. Plaintiff's comparative negligence in its practice of harassing its customers, suing its customers, and/or other poor business practices identified during discovery, caused or contributed to cause Plaintiff's damages, and should serve to bar or reduce recoverable damages under applicable law.

WHEREFORE, defendant Emily Winchester requests the Plaintiff's claims be dismissed with prejudice, and that she be awarded her costs, expenses and fees incurred in defending Plaintiff's claims, and such other relief as the Court deems just and proper.

## COUNTERCLAIM

23. On March 2, 2018, Randy Winchester and his family, including his daughter Emily Winchester, traveled to Branson, Missouri, for the annual membership meeting of the Heartland Highland Cattle Association.

24. On March 3, 2018, Randy Winchester and his family, including his daughter Emily Winchester, went with other member attendees to Bigfoot Farms.

25. They paid ten dollars to take the Bigfoot Safari Discovery Tour.

26. Randy Winchester and his family, including Emily, took the tour and then participated in other amusement offerings at the Bigfoot venue.

27. When he returned to Kansas after the trip, on March 4, 2018, Randy Winchester posted the review which is the subject of this action on Trip Advisor.

28. The Trip Advisor stated that the post was made by "randy w" of "olathe, ks".

29. Dissatisfied with the three star review published by Randy Winchester, Plaintiff endeavored to identify and contact "randy w", with plans to persuade him to remove the review.

30. Plaintiff, having offered the Bigfoot Safari Discovery tour to members of the Heartland Highland Cattle Association Tour for $10.00 per person the same weekend the review posted, was aware that the individual who posted the review was associated with the Heartland Highland Cattle Association.

31. On information and belief, Plaintiff thereafter looked over the Heartland Highland Cattle Association website, and searched for members from Kansas, the location from which the reviewer indicated he had posted the review.

32. The Heartland Highland Cattle Association lists all Kansas members on its website, and includes only one "Randy" with the last initial of W.

33. Randy Winchester is the sole member of the Heartland Highland Cattle Association located in Kansas that has the first name "Randy" and the last initial W.

34. The listing for Randy Winchester on the website identifies not only Randy Winchester, but his daughter Emily Winchester, both of which are associated with Dancing Cow Farms, located in Wellsville, Kansas.

35. The phone number associated with the Winchesters membership listing connects the caller to Emily, rather than Randy, Winchester.

36. On March 8, 2018, Darrell Henley, one of the three members of Bigfoot on the Strip, LLC, called Emily on her cell phone, and asked her about the review published by "randy w" on Trip Advisor.

37. Emily Winchester told Mr. Henley that Randy Winchester was her father, but refused to provide Mr. Henley with her phone number.

38. Emily Winchester never stated she authored the review, or otherwise indicated she had anything to do with the publication thereof on TripAdvisor.

39. Emily Winchester specifically informed Mr. Henley that she did not publish the subject review on Trip Advisor.

40. On March 8, 2018, Darrell Henley also located Randy Winchester on LinkedIn, stating: "I'd like to talk to you soon. You visited one of my farms while attending the Heartland Highland annual meeting in Branson. I'd like the opportunity to clear up any confusion and ask that you revise your very harmful TripAdvisor review where you reference a $10 price."

41. On March 10, 2018, Darrell Henley called Emily Winchester again, she did not answer.

42. Additionally, on or about March 10, 2018, Plaintiff contacted Gloria Asmussen, Secretary with the Heartland Highland Cattle Association, in an effort to identify "randy w" and get him to take down his review.

43. Gloria Asmussen, in turn, emailed Randy Winchester and asked if he would be willing to remove the Trip Advisor Review.

44. On March 10, 2018, Darrel Henley, having located a number for Randy Winchester, called Randy's home telephone at 8:23 p.m.

45. Randy Winchester did not answer the call.

46. On March 13, 2018, Darrell Henley called Emily Winchester again, she did not answer, but returned his call, at which time she informed Mr. Henley, unequivocally, and for the second time, that she did not write the review; that her father wrote the review; and that she had no control over her father's decision to remove his review.

47. On March 13, 2018, Darrell Henley emailed Emily Winchester, with copy to Gloria Asmussen of the Heartland Highland Cattle Association, threatening legal action. At that time, Henley stated: "you made inferences during our conversation that suggest you might have been the one the one to actually write and publish the libelous review."

48. Emily Winchester never stated or otherwise insinuated that she published the review.

2858808

Page 5 of 9
Case 6:18-cv-03155-BP    Document 40    Filed 08/16/18    Page 5 of 9

49. On information and belief, Darrell Henley threatened legal action against Emily Winchester, with full knowledge she did not write the review at issue, for the purpose of persuading Randy Winchester to remove the review, for fear of not only a lawsuit against him, but also against his daughter.

50. On March 15, 2018, Randy Winchester revised his review to reflect the repeated efforts to Darrell Henley to contact Randy and his daughter, and Henley's threat to sue both Randy and his daughter, Emily; changing his three star review to a one star review.

51. On April 13, 2018, Plaintiff filed the subject action, naming not only Randy Winchester, but Emily Winchester.

52. Prior to the filing of this counterclaim, almost four months after initially filing suit, Plaintiff has not served Randy Winchester with this lawsuit.

53. On information and belief, Plaintiff and its owners engage in a systematic practice of threatening legal action against persons who publish less than five star reviews, even where such legal action would be unfounded because the review provides either accurate information, or provides a statement of opinion.

## JURISDICTION

54. Plaintiff Bigfoot on the Strip, LLC is a Missouri limited liability company in good standing, operating in Taney County, Missouri.

55. Plaintiff Bigfoot on the Strip, LLC is owned by limited liability company members Darrell Henley, Emma Hamilton and Matt Cook.

56. Darrell Henley, Emma Hamilton and Matt Cook are each residents of Missouri, residing in Springfield and/or Branson Missouri, and are citizens of and domiciled in Missouri.

57. Because each member of Bigfoot on the Strip, LLC is a citizen of and domiciled in Missouri, Bigfoot on the Strip, LLC is also a citizen of Missouri for purposes of diversity of citizenship.

See *OnePoint Solutions LLC v. Borchert*, 486 F.3d 346 (8th Cir. 2007) (citing *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)).

58. Defendant Emily Winchester is a citizen of and domiciled in Douglas County, Kansas.

59. Defendant Randy Winchester, not yet served with process herein, is a citizen of and domiciled in Olathe, Johnson County, Kansas.

60. Complete Diversity exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Id.* (citing *Owen Equip & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1988)). There is complete diversity of citizenship as between Plaintiff, Bigfoot on the Strip, a Missouri limited liability company whose members are each citizens of Missouri; and the Defendants named, both of whom are Kansas citizens.

61. Therefore, this Court has independent jurisdiction to hear this Counterclaim, pursuant to 28 U.S.C. §§ 1332(a), in that the parties hereto are completely diverse and the amount in controversy exceeds this Court's jurisdictional threshold of $75,000.

62. Emily Winchester's damages exceed $75,000, in that her attorney's fees through dispositive motion practice are reasonably likely to exceed that amount, because she also has suffered emotional distress damages for being unlawfully sued herein, and because she is seeking punitive damages against Plaintiff for its intentional and malicious abuse of process in this case.

## COUNT I – ABUSE OF PROCESS

63. Emily Winchester incorporates the allegations of paragraphs 23 to 62 of her Counterclaim, as if fully stated herein.

64. Plaintiff filed this action against Emily Winchester, without probable cause to believe Emily Winchester published the subject review, and with full knowledge that her father, Randy Winchester, published the subject review.

65. Plaintiff filed this action, and served Emily Winchester with process herein, for the purpose of placing pressure on Randy Winchester to remove the subject review.

66. This use of process against Emily Winchester is illegal, improper and perverts the use of process.

67. The purpose that Plaintiff seeks to accomplish, i.e., removal by Randy Winchester of the subject review, is not a proper purpose for initiating legal action against Randy Winchester's daughter, Emily Winchester.

68. The improper lawsuit has and will continue to cause Emily Winchester damages, in the form of legal fees, emotional distress and suffering.

69. Plaintiff, having full knowledge that Randy Winchester, and not Emily Winchester, authored and published the subject review, has abused legal process herein knowingly, willfully and maliciously, and is therefore liable not only for actual damages likely to exceed $75,000, but also punitive damages.

70. Punitive damages are further proper to deter Plaintiff from engaging in like, abusive and outrageous conduct in the future.

**WHEREFORE**, Emily Winchester hereby prays that this Court enter judgment in her favor against Bigfoot on the Strip, LLC, in an amount in excess of $75,000, for an award of punitive damages, for her attorney's fees, expenses and costs incurred herein, and for pre- and post-judgment interest as permitted by Missouri law, and for such other orders and relief as this Court deems just and proper in this action.

Respectfully submitted,

HINKLE LAW FIRM LLC
6800 College Boulevard, Suite 600
Overland Park, Kansas 66211
913-345-9205/ FAX: 913-345-4832


By: /s/ Jennifer R. Johnson
  Jennifer R. Johnson, jjohnson@hinklaw.com #59197

ATTORNEYS FOR DEFENDANTS

========================================================================

## DEMAND FOR JURY TRIAL

 Defendant Emily Winchester requests a trial by jury of twelve on all proper issues in the above-entitled action.

By: /s/ Jennifer R. Johnson
  Jennifer R. Johnson, jjohnson@hinklaw.com #59197

ATTORNEYS FOR DEFENDANTS

========================================================================

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on the 16th day of August, 2018, the foregoing *Answer & Counterclaim* was filed electronically with the Clerk of the US District Court for the Western District of Missouri; and a service copy was served electronically via email only on the following:

Bryan D. Fisher, #65904 (bfisher@nnlaw.com)
NEALE & NEWMAN, LLP
1949 E. Sunshine, Suite 1-130
Springfield, MO 65808-0327
417-882-9090 / Fax: 417-882-2529
*Attorneys for Plaintiff*


  /s/ Jennifer R. Johnson
  ATTORNEYS FOR DEFENDANTS