# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BIGFOOT ON THE STRIP, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 6:18-CV-03155** |
| | ) | |
| RANDY WINCHESTER, | ) | |
| EMILY WINCHESTER, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S REPONSE TO DEFENDANT EMILY WINCHESTER'S ADDITIONAL RESPONSES AND DEFENSES AND ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

**COMES NOW** Plaintiff Bigfoot On The Strip, LLC, by and through its attorneys, and for its response to Defendant Emily Winchester's Additional Responses and Defenses and Answer and Affirmative Defenses to Counterclaim hereby states to the Court as follows:

### RESPONSE TO ADDITIONAL RESPONSES AND DEFENSES

15.     Paragraph 15 merely sets forth a legal conclusion to which no response is required. For the reasons set forth in Plaintiff's Motion to Strike and its Suggestions in Support, Paragraph 15 should be stricken.

16.     Paragraph 16 merely sets forth a legal conclusion to which no response is required.  Paragraph 16 also attempts to sets forth a defense that this Court has already rejected. For the reasons set forth in Plaintiff's Motion to Strike and its Suggestions in Support, Paragraph 16 should be stricken.

17.     Plaintiff denies the allegations contained in Paragraph 17.

18.     Plaintiff denies the allegations contained in Paragraph 18.

19.     Paragraph 19 merely sets forth a legal conclusion to which no response is required. For the reasons set forth in Plaintiff's Motion to Strike and its Suggestions in Support, Paragraph 19 should be stricken.

20.     Paragraph 20 merely sets forth a legal conclusion to which no response is required. For the reasons set forth in Plaintiff's Motion to Strike and its Suggestions in Support, Paragraph 20 should be stricken.

21.     Plaintiff denies the allegations contained in Paragraph 21.

22.     Plaintiff denies the allegations contained in Paragraph 22.

## ANSWER TO DEFENDANT EMILY WINCHESTER'S COUNTERCLAIM

23.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Defendant Emily Winchester's Counterclaim (the "Counterclaim") and therefore denies them.

24.     Upon information and belief, Plaintiff admits the allegations contained in Paragraph 24 of the Counterclaim.

25.     Plaintiff denies the allegations contained in Paragraph 25 of the Counterclaim.

26.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the Counterclaim and therefore denies them.

27.     Plaintiff denies the allegations contained in Paragraph 27 of the Counterclaim.

28.     Upon information and belief, Plaintiff admits the allegations contained in Paragraph 28 of the Counterclaim.

29.     Plaintiff denies the allegations contained in Paragraph 29 of the Counterclaim.

30.     Plaintiff denies the allegations contained in Paragraph 30 of the Counterclaim.

31.     Plaintiff is without sufficient information and knowledge to form a belief as to the

2

truth of the allegations contained in Paragraph 31 of the Counterclaim and therefore denies them.

32.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

33.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

34.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

35.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

36.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

37.     Plaintiff admits the allegations contained in Paragraph 40 of the Counterclaim.

38.     Plaintiff denies the allegations contained in Paragraph 38 of the Counterclaim.

39.     Plaintiff denies the allegations contained in Paragraph 39 of the Counterclaim.

40.     Plaintiff admits the allegations contained in Paragraph 40 of the Counterclaim.

41.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

42.     Plaintiff denies the allegations contained in Paragraph 42 of the Counterclaim.

43.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Counterclaim and therefore denies them.

44.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

45.     Plaintiff is without sufficient information and knowledge to form a belief as to the

3

truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

46.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

47.     Plaintiff admits the allegations contained in Paragraph 47 of the Counterclaim.

48.     Plaintiff denies the allegations contained in Paragraph 48 of the Counterclaim.

49.     Plaintiff denies the allegations contained in Paragraph 49 of the Counterclaim.

50.     Plaintiff is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Counterclaim and therefore denies them.

51.     Plaintiff admits the allegations contained in Paragraph 51 of the Counterclaim.

52.     Plaintiff denies the allegations contained in Paragraph 52 of the Counterclaim. Plaintiff further states that Defendant Randy Winchester, although choosing to evade and deflect service of process, was served on August 25, 2018.

53.     Plaintiff denies the allegations contained in Paragraph 53 of the Counterclaim.

54.     Plaintiff admits the allegations contained in Paragraph 54 of the Counterclaim.

55.     Plaintiff admits the allegations contained in Paragraph 55 of the Counterclaim.

56.     Plaintiff admits that Darrell Henley, Emma Hamilton, and Matt Cook are citizens of and domiciled in Missouri, but denies the remaining allegations contained in Paragraph 56 of the Counterclaim.

57.     Paragraph 57 of the Counterclaim is a legal conclusion to which no response is necessary.  Should a response be required, Plaintiff denies.

58.     Upon information and belief, Plaintiff admits the allegations contained in Paragraph 58 of the Counterclaim.

59.     Upon information and belief, Plaintiff admits that Defendant Randy Winchester is

4

a citizen of and domiciled in Olathe, Johnson County, Kansas, but denies the remaining allegations contained in Paragraph 59 of the Counterclaim.

60.     Paragraph 60 of the Counterclaim is a legal conclusion to which no response is necessary.  Should a response be required, Plaintiff denies.

61.     Paragraph 61 of the Counterclaim is a legal conclusion to which no response is necessary.  Should a response be required, Plaintiff denies.

62.     Plaintiff denies the allegations contained in Paragraph 62 of the Counterclaim.

## COUNT I – ABUSE OF PROCESS

63.     Plaintiff hereby restates and incorporates by reference as if fully set forth herein each and every admission, denial and/or statement made in its answer to the allegations contained in Paragraphs 15 through 62 of the Counterclaim.

64.     Plaintiff denies the allegations contained in Paragraph 64 of the Counterclaim.

65.     Plaintiff denies the allegations contained in Paragraph 65 of the Counterclaim.

66.     Plaintiff denies the allegations contained in Paragraph 66 of the Counterclaim.

67.     Plaintiff denies the allegations contained in Paragraph 67 of the Counterclaim.

68.     Plaintiff denies the allegations contained in Paragraph 68 of the Counterclaim.

69.     Plaintiff denies the allegations contained in Paragraph 69 of the Counterclaim.

70.     Plaintiff denies the allegations contained in Paragraph 70 of the Counterclaim.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1.     The Counterclaim fails to state a claim upon which the Court can grant relief because Defendant Emily Winchester told Plaintiff that she and Defendant Randy Winchester authored and posted the review, and thus, Plaintiff's cause of action properly named her as a defendant in the instant case.

5

2.     The Counterclaim is barred by the doctrine of estoppel because Defendant Emily Winchester told Plaintiff that she and Defendant Randy Winchester authored and posted the review, and thus, she cannot now complain of being named in the instant case a Defendant.

3.     The Counterclaim is barred by the doctrine of waiver because Defendant Emily Winchester told Plaintiff that she and Defendant Randy Winchester authored and posted the review, and thus, she cannot now complain of being named in the instant case a Defendant.

WHEREFORE, having fully answered Defendant Emily Winchester's Counterclaim, Plaintiff respectfully requests the Court to enter its Judgment and Order allowing Plaintiff to go hence with its costs herein incurred and expended, and for such other and further orders and relief as to the Court seems just and proper in the premises.

**NEALE & NEWMAN, L.L.P.**

By: /s/ Bryan D. Fisher
        Bryan D. Fisher, #65904

1949 East Sunshine, Suite 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone:     (417) 882-9090
Facsimile:     (417) 882-2529
Email:            bfisher@nnlaw.com

*ATTORNEYS FOR PLAINTIFF*

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, on this 6th day of August, 2018.

**NEALE & NEWMAN, L.L.P.**


By: /s/ Bryan D. Fisher
       Bryan D. Fisher, #65904

7