# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-3155-CV-S-BP |
| | ) |
| RANDY WINCHESTER; | ) |
| EMILY WINCHESTER; and | ) |
| DANCING COW FARMS | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO STRIKE

Pending are two Motions to Strike filed by Plaintiff, which seek an order striking the affirmative defenses asserted in the separate Answers filed by Defendants Emily Winchester and Randy Winchester. For the reasons discussed below, the motions, (Doc. 48 and Doc. 56), are **DENIED.**[1]

## I. BACKGROUND

In general, Plaintiff alleges that Defendants posted false and defamatory statements on a website. It asserts claims for libel, negligence, and tortious interference with business expectancy. Emily Winchester filed her Answer on August 16, 2018, (Doc. 40), and it contains several affirmative defenses. The defenses allege that (1) Plaintiff has failed to state a claim for which relief can be granted, (2) the Court lacks personal jurisdiction over Emily, (3) the statements at issue were true or nonactionable opinions, (4) Plaintiff's claims are barred by estoppel or the First Amendment, and (5) that Plaintiff contributed to its own damages. (Doc. 40, ¶¶ 15-22.) Randy

---

[1] The Court acknowledges that the Motion to Strike Randy Winchester's Affirmative Defenses is not fully briefed. However, it is virtually identical to Plaintiff's Motion to Strike Emily Winchester's Affirmative Defenses, which is fully briefed, and there is no reason to require the parties to brief the same issues twice.

Winchester's separate Answer filed on September 13 contains the same affirmative defenses. (Doc. 51, ¶¶ 18-25.)

Plaintiff contends that Defendant's affirmative defenses have not been pleaded with sufficient particularity as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants argues that *Twombly* and *Iqbal* do not apply to affirmative defenses  As discussed below, the Court agrees with Defendants and the Motions to Strike are **DENIED**.

## II. DISCUSSION

### A.  Affirmative Defenses

A plaintiff may seek an order striking an insufficient defense. Fed. R. Civ. P. 12(f). Plaintiff contends that Defendant's affirmative defenses are insufficient because they do not contain the specificity required by *Iqbal* and *Twombly*. The Eighth Circuit has not addressed whether *Iqbal* and *Twombly* apply to affirmative defenses. The undersigned has previously considered this issue and concluded that *Iqbal* and *Twombly* do not apply to affirmative defenses. *E.g., Hiskey v. Musician's Friend, Inc.,* No. 16-00279 (W.D. Mo. July 11, 2016) (Doc. 27, pp. 2-4); *see also Campbell v. Plaza Services, LLC,* No. 18-0154 (W.D. Mo. June 22, 2018) (Doc. 22, pp. 2-3.)

First, before *Iqbal* and *Twombly* were decided, the Eighth Circuit determined that an affirmative defense based on the statute of limitations does not need to be pleaded with any degree of particularity. *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). There is no reason to think the Eighth Circuit meant to establish one rule for defenses based on the statute of limitations and a different rule for all other affirmative defenses. The Eighth Circuit has also held that "[t]he rules . . . only require a defendant to state in short and plain terms its defenses to a

plaintiff's claim." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). This was the state of the law with respect to affirmative defenses when *Iqbal* and *Twombly* were decided, and those two cases do not compel the conclusion that the Eighth Circuit's approach was wrong. As another district judge in this Circuit has observed, "[t]he Eighth Circuit, if presented with the question, might well conclude that *Zotos* has been abrogated by *Iqbal* and *Twombly* . . . . But *Zotos* is squarely on point, and *Iqbal* and *Twombly* are not, which means *Zotos* remains the law of this Circuit." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015). This Court is not empowered to decide that *Zotos* and other, similar cases from the Eighth Circuit are no longer valid. Furthermore, since the Court issued its Order in *Hiskey*, there has been no binding authority applying *Iqbal* and *Twombly* to affirmative defenses.

Second, the textual difference between Rule 8(a)(2) and Rule 8(b)(1)(A) augments the Court's conclusion. Rule 8(a)(2) requires the plaintiff to plead "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis supplied). As *Twombly* explains, demonstrating an entitlement to relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. In contrast, a defendant need not plead the basis for an affirmative defense; Rule 8(b)(1)(A) only requires that the defendant "state in short and plain terms it defenses." This difference in the Rules' requirements demonstrates that *Iqbal* and *Twombly* do not compel the conclusion that the Eighth Circuit's prior decisions are invalid.

Third, application of *Iqbal* and *Twombly* to defenses is impractical. Another district judge in this Circuit has succinctly summarized the matter:

> [P]laintiffs and defendants are in much different positions. Typically, a plaintiff has months—often *years*—to investigate a claim before pleading that claim in

3

federal court. By contrast, a defendant typically has 21 days to serve an answer. Fed.R.Civ.P. 12(a)(1)(A)(i). Whatever one thinks of *Iqbal* and *Twombly,* the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

*Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010). It is theoretically possible (as some district judges have held) to require a defendant to "wait" and then seek leave to amend the Answer to assert affirmative defenses as they are gleaned during discovery, but this would unnecessarily complicate and prolong the litigation. "Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties." *Id*. at 1052. In contrast, there is little harm to leaving affirmative defenses in place because "[i]n a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary." *Id.* Similarly, some of the defenses in this case (such as the "defense" denying the falsity of the posts, (Doc. 40, ¶ 17)), are not really defenses at all; their presence does not aid Defendants and their absence does not aid Plaintiff. Still other defenses are not "self-executing;" in other words, they require an additional motion in order for Defendants to present the issue. For instance, paragraph 15's contention that Plaintiff "fail[s] to state a claim . . . upon which relief can be granted" will not help Defendants absent a motion to dismiss or a motion for judgment on the pleadings. Fed. R. Civ. P. 12(b)(6), 12(h)(2)(B). Therefore, the presence of these defenses does not cause any hardship to Plaintiff.

Finally, Plaintiff argues that the defense of lack of personal jurisdiction must be struck because the Court rejected this argument when it denied Defendants' Motion to Dismiss. This is incorrect; as the Court explained, Plaintiff's obligation at this stage of the proceedings is to establish a prima facie case for personal jurisdiction. (Doc. 37, p. 4.) This does not end the inquiry,

however, because "plaintiffs bear the ultimate burden of proof" and "jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." *Epps v. Stewart Information Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003.) Thus, there is no reason to require Defendants to abandon their defense.

### III. CONCLUSION

Accordingly, Plaintiff's Motions to Strike, (Doc. 48 and Doc. 56), are **DENIED.**

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: October 9, 2018   UNITED STATES DISTRICT COURT