UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case № 6:18-CV-03155 |
| ) | |
| RANDY WINCHESTER; and ) | |
| EMILY WINCHESTER, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTION TO DUCES TECUMS**
**CONTAINED IN PARTY DEPOSITION NOTICES**

COME NOW defendants Emily Winchester and Randy Winchester, by and through their attorneys of record, Jennifer R. Johnson and Michelle R. Stewart of Hinkle Law Firm, and for hereby formally and for the record state objections to Duces Tecums served with the notices to take their respective depositions [Docs. 96, 97]. Counsel has communicated objections identified below to Plaintiff's counsel, and the parties have been unable to resolve the dispute.

The parties have requested and scheduled a conference call with the judge to address various disputes; however, it is likely these depositions will move forward prior to the conference call with the Court. Therefore, to avoid any dispute as to the Defendants' duty to comply with the Notice at the upcoming depositions, scheduled for a date will likely be prior to the conference call with the court, the Defendants seek to document the basis for their objections by this filing.

Defendants have objected to the duces tecum notices because they did not comply with FRCP 30(b)(2), and because they seek the parties' tax returns, documents which are beyond the proper scope of discovery. As to Rule 30(b)(2), the rule provides that notices to party deponents <u>*may include document requests under Rule 34*</u>.

Discovery was originally set to close on April 12, 2019. Due to scheduling difficulties, the parties agreed to extend the discovery period for purposes of conducting depositions and issuing third-party subpoenas, but each agreed that the extension would not apply to written discovery. Thus, the parties were required to serve written discovery by March 12, so that responses were due prior to the close of discovery. Accordingly, both parties issued additional written discovery on that date, March 12th. [Docs 86 and 87]. That discovery did not seek the tax returns now sought by the deposition notices.

On March 13th, Plaintiff requested Defendants' depositions by email. That email did not include a copy of the Notice with the proposed duces tecum, nor was there any indication that Plaintiffs intended to request additional documents from the Defendants in this manner.

Approximately one month later, on April 12th, Plaintiff served the deposition notices that included the duces tecum. First, these requests are untimely, in that written discovery has closed, and the duces tecum served on a party deponent, is a written discovery request under Rule 34. Further, even if written discovery were to proceed, which Defendants specifically object to given the parties' agreement and the close of written discovery, the Notice is improper pursuant to Rule 34, which requires the parties be allowed 30 days to respond. The Notices purported to require document production within 17 days (as to Emily Winchester) and 24 days (as to Randy Winchester).

Even more importantly, however, is the fact that the request for the Defendants tax returns seek documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants do not dispute that discovery of information as to the parties' assets and liabilities is appropriate given the claims for punitive damages, but the discovery of the Defendants' tax returns does not provide that information. Additionally, tax returns are generally not discoverable to establish information admissible in punitive damages cases, in part based on federal policy regarding the privacy of returns, and in part because discovery of past earnings is not generally permitted in punitive damages related discovery. *See e.g.*, *Sexton v. Lewis*, Case No. 06-06120-CV-W-HFS, 2008 WL 11337861 (W.D.

Mo.). For these reasons, Defendants will not agree to produce their tax returns for 2016, 2017 and 2018 at their upcoming depositions, unless they are ordered to do so by the Court.

Notably, while Plaintiff seeks the Defendant's personal tax documents, it has refused to produce information and documents related to Plaintiff's own financial information, specifically its assets and liabilities and income information.

WHEREFORE, for the reasons stated herein, Defendants object to the duces tecums issued with Document Nos. 96, and 97, and will not produce such documents until the Court has addressed the discoverability thereof.

Respectfully submitted,

HINKLE LAW FIRM LLC
6800 College Boulevard, Suite 600
Overland Park, Kansas 66211
913-345-9205/ FAX: 913-345-4832


By: /s/ Jennifer R. Johnson
Jennifer R. Johnson, jjohnson@hinklaw.com  #59197

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of April, 2019, the foregoing *Defendants' Objections to Duces Tecums Contained in Party Deposition Notices* was filed electronically with the Clerk of the US District Court for the Western District of Missouri; and a service copy was served electronically via email only on the following:

Bryan D. Fisher, #65904 (bfisher@nnlaw.com)
Ryan Frazier, (rfrazier@nnlaw.com)
Daniel K. Wooten, #48061 (dwooten@nnlaw.com)
NEALE & NEWMAN, LLP
1949 E. Sunshine, Suite 1-130
Springfield, MO 65808-0327
417-882-9090 / Fax: 417-882-2529
*Attorneys for Plaintiff*

/s/ Jennifer R. Johnson
ATTORNEYS FOR DEFENDANTS