UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:18-CV-03155 |
| RANDY WINCHESTER, EMILY WINCHESTER, | ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SUGGESTIONS IN SUPPORT

**COMES NOW** Plaintiff Big Foot on the Strip, LLC, by and through its attorneys undersigned, and respectfully requests that the Court grant it leave to file a sur-reply to Defendants' Motion for Summary Judgment, for the reasons set forth below:

### SUGGESTIONS IN SUPPORT

In support of this Motion for Leave to File Sur-Reply to Defendants' Motion for Summary Judgment, Plaintiff states as follows:

1. Defendants filed their Motion for Summary Judgment (Doc. 149) on June 11, 2019.

2. Plaintiff filed its Suggestions in Opposition to Defendants' Motion for Summary Judgment (Doc. 163) on July 15, 2019.

3. Defendants filed their Reply Suggestions in Support of their Motion for Summary Judgment (Doc. 165) on July 29, 2019.

4. Plaintiff's Suggestions in Opposition noted numerous occasions where facts offered by Defendants as undisputed material facts were not supported by the record cited by

Defendants as required by Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure. (*See, e.g., Plaintiff's Suggestions in Opposition to Defendants' Motion for Summary Judgment*, Doc. 163 at pp. 14-15, Fact Number 33). Defendants' Reply Suggestions largely concede these issues raised by Plaintiff; but rather than seek leave from the Court to respond with additional information from the record, Defendants in a misguided reliance on Rules 56(c)(3) and 56(e)(1) of the Federal Rules of Civil Procedure replied with extensive citations to record material absent from their original Suggestions in Support. (*See, e.g., Defendant's Reply Suggestions in Support of Defendants' Motion for Summary Judgment*, Doc. 165 at pp. 6-7, Fact Number 18; pp. 7-8, Fact Number 20; pp. 8-10, Fact Number 24; pp. 14–15, Fact Number 33; pp. 21-22, Fact Number 55; pp. 22-23, Fact Number 57; pp. 24-25, Fact Number 61; p. 25-26, Fact Number 63; and pp. 36-37, Fact Number 88).

5. Absent leave to respond in a *sur reply*, Defendants' Reply Suggestions deprive Plaintiff of any opportunity to respond to these new record citations.

6. Further, Defendants' Reply Suggestions raise, for the first time, arguments that evidence offered by Plaintiff is inadmissible hearsay. (*See, e.g., Defendants' Reply Suggestions in Support of Defendants' Motion for Summary Judgment*, Doc. 165 at pp. 62-66, Fact Numbers 35-39 and 50).

7. Absent leave to respond in a *sur reply*, Plaintiff is deprived of an opportunity to rebut Defendants' argument by demonstrating that the evidence proffered is (1) not hearsay; and (2) even if treated as hearsay, subject to several exceptions pursuant to Rule 803 of the Federal Rules of Civil procedure (e.g., business records, statements of the declarant's then-existing state of mind, reputation concerning character, etc.).

2

8. Finally, Defendants' Reply Suggestions also raise, for the first time, despite past opportunities in a motion to dismiss or a motion for more definitive statement, an argument that Plaintiff has not plead with the requisite particularity the defamatory statements of Defendants. (*See Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment*, Doc. 165 at pp. 78-79). Thus, absent leave to respond in a *sur reply*, Plaintiff is deprived of an opportunity to rebut Defendants' argument.

9. The interest of justice and judicial economy would be best served if Plaintiff was granted leave to file its Sur-Reply to Defendants' Motion for Summary Judgment.

10. No unfair prejudice will befall any party by permitting the filing of Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment because Plaintiff will only be responding to (a) specific facts where Defendants made citations to material not included in their original Suggestions in Support, (b) where Defendants, for the first time, raise evidentiary issues about certain statements being inadmissible hearsay, and (c) the new legal argument proffered by Defendants about the pleading of defamatory statements of Defendants.

11. Plaintiff requests that it be given ten (10) days to file its Sur-Reply to Defendants' Motion for Summary Judgment under the page limitations found in Local Rule 7.0 applicable to Reply Suggestions.

**WHEREFORE**, Plaintiff respectfully requests this Court grant it leave to file its Sur-Reply to Defendants' Motion for Summary Judgment, addressing the three (3) matters discussed in Paragraph 10, above, and for such other and further orders and relief as the Court deems just and proper.

Respectfully submitted,

**NEALE & NEWMAN, L.L.P.**

By: /s/ Daniel K. Wooten
    Daniel K. Wooten, #48061
    Bryan D. Fisher, #65904

1949 East Sunshine, Suite 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone: (417) 882-9090
Facsimile: (417) 882-2529
Email: dwooten@nnlaw.com
       bfisher@nnlaw.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, on this 8th day of August, 2019.

**NEALE & NEWMAN, L.L.P.**

By: /s/ Bryan D. Fisher
    Bryan D. Fisher, #65904

4

Case 6:18-cv-03155-BP   Document 166   Filed 08/08/19   Page 4 of 4