UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BIGFOOT ON THE STRIP, LLC, <br>     Plaintiff, <br> <br> vs. <br> <br> RANDY WINCHESTER; and <br> EMILY WINCHESTER, <br>     Defendants. | Case № 6:18-CV-03155 |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUR-REPLY TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants' by and through their attorneys of record, and pursuant to Rules 56 and 56.1, object to Plaintiff's request to file a sur-reply to Defendants' Reply Memorandum in Support of Motion for Summary Judgment. In support, Defendants state the following:

**I.    INTRODUCTION**

Plaintiff seeks leave to file a sur-reply simply because it wants the last word. Plaintiff was unhappy with Defendants' rebuttal and Plaintiff wants another chance to prove its claims. But as this Court well knows, summary judgment does not work that way. While Plaintiff takes issue with the fact that Defendants provided the Court with additional cites to the record in their reply, such additional information does not warrant a sur-reply.

Additionally, Plaintiff wants a chance to show the Court that its evidence consisting of inadmissible hearsay and new allegations of defamatory statements are permissible for review. Again, a sur-reply is unnecessary for this Court to determine what is or is not inadmissible hearsay or claims worthy of review. The Court is the gatekeeper for such objections and does not need circuitous briefing, i.e. a sur-reply, to determine what information it can properly consider at the summary judgment stage.

## II. LEGAL STANDARDS

Courts generally disfavor sur-replies. *See, e.g.*, *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of sur-replies. While this Court has discretion to allow a sur-reply, "this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005); *see also Speer v. Cerner Corp.*, No. 14-0204-CV-W-FJG, 2017 WL 1036135, at *1 (W.D. Mo. Mar. 17, 2017), *motion to certify appeal denied*, No. 14-0204-CV-W-FJG, 2017 WL 10506771 (W.D. Mo. May 3, 2017) ("[T]he Court will DENY plaintiffs' motion for leave to file a surreply . . ., as the Court finds that plaintiffs adequately controverted the relevant facts and arguments in their original suggestions in opposition."). The mere fact that a non-moving party wants to address rebuttal arguments made to its response opposing summary judgment does require a sur-reply. "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Fedrick*, 366 F. Supp. 2d at 1197.

## III. DEFENDANTS' ADDITIONAL CITES TO THE RECORD ARE PROPER.

Plaintiff takes issue with the fact that Defendants provided the Court with additional cites to the record in support of their statements of uncontroverted fact. But additional record citation is not prohibited by federal or local rules; nor is any language in the rules to indicate that Defendants needed to seek leave to request the Court to consider additional citations. The Court may consider materials in the record that have not been cited. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Furthermore, additional record cites in support of the same statements of fact does not equate to new evidence. Defendants are supporting their original statements of uncontroverted fact in response to Plaintiff's futile attempt to pick apart typographical errors. The fact that Plaintiff elected to respond based on technicalities rather than controverting substantive facts does not provide Plaintiff the green light to sur-reply to additional citations to an already existing record.

## IV. A SUR-REPLY IS NOT NECESSARY TO DETERMINE INADMISSIBLE HEARSAY.

The Court does not need a sur-reply to determine whether Plaintiff's statements and evidence introduced during its response are hearsay and/or admissible as an exception to the hearsay rule. Defendants properly objected to Plaintiff's attempts to controvert statements of fact and argue against summary judgment with inadmissible evidence. "A party may not rely solely on inadmissible hearsay in opposing a motion for summary judgment, but instead must show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Fin. Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 942 (8th Cir. 1990).

Plaintiff should have supported the admissibility of its response at the time it was presented, and had Plaintiff done so, Defendants could have addressed the purported applicable exceptions. Defendants' objections are not new evidence worthy of a sur-reply, and by allowing Plaintiff to argue the admissibility of its response in a sur-reply, the Court will deny Defendants the opportunity to respond with reasons why those exceptions do not apply.

## V. DEFENDANTS REQUEST A MORE DIFINITIVE STATEMENT BECAUSE PLAINTIFF HAS ASSERTED NEW CLAIMS.

When Plaintiff initially filed this case, it did specifically plead its claims, including specific defamatory statements. Thus, Defendants knew what claims and alleged defamatory statements were at issue in this case. Defendants had no basis to file a motion for a more definite statement. But in Plaintiff's response to Defendants' motion for summary judgment, Plaintiff attempts to add new defamatory statements. This is improper. *See Freeman v. Bechtel Construction Co.,* 87 F.3d 1029, 1031 (8th Cir. 1996); *Holliday v. Grant Atlantic & Pacific Tea Co.*, 256 F.2d 297, 302 (8th Cir. 1958). Plaintiff cannot be permitted to allege new defamatory statements. Nor did Defendants have any obligation to anticipate that Plaintiff would be asserting new defamatory statements before it filed its response. To allow Plaintiff to file a sur-reply to address allegations that were not initially pleaded defeats the purpose of having a specificity requirement for claiming defamation, as well as a pretrial order requiring the Parties' to state

their contentions and defenses in an effort to control the course of summary judgment. *See, e.g.*, *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) ("[A] pretrial order 'controls the course of the action unless the court modifies it.'"). Therefore, the Court should deny Plaintiff's request.

## VI. CONCLUSION.

As thoroughly discussed above, Plaintiff's request to file a sur-reply is nothing but a last ditch effort to get past summary judgment by creating new allegations of defamatory statements and trying to show the existence of controverted material facts with inadmissible hearsay. A sur-reply, which is frowned upon to begin with, should not be used for such purposes. Furthermore, a sur-reply is unnecessary to address additional cites to the record, and the Court should deny Plaintiff's request for leave to file a sur-reply.

Respectfully submitted,

Stephen H. Snead (ssnead@batyholm.com) #29623
Andrew J. Donelan, (adonelan@batyholm.com) #62850
BATY HOLM NUMRICH & OTTO, PC
901 St. Louis Street, Suite 101
Springfield, MO 65806
417-886-1683 / Fax 417-319-2768
    **And**
HINKLE LAW FIRM LLC
6800 College Boulevard, Suite 600
Overland Park, Kansas 66211
913-345-9205/ FAX: 913-345-4832


By:_____/s/ *Jennifer R. Johnson*_____
Jennifer R. Johnson, jjohnson@hinklaw.com        #59197
Michelle R. Stewart mstewart@hinklaw.com        #51737

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 22nd day of August, 2019, the foregoing DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUR-REPLY TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was filed electronically with the Clerk of the US District Court for the Western District of Missouri; and a service copy was served electronically via email only on the following:

Bryan D. Fisher, #65904 (bfisher@nnlaw.com)
Ryan Frazier, (rfrazier@nnlaw.com)
Daniel K. Wooten, #48061 (dwooten@nnlaw.com)
NEALE & NEWMAN, LLP
1949 E. Sunshine, Suite 1-130
Springfield, MO 65808-0327
417-882-9090 / Fax: 417-882-2529
*Attorneys for Plaintiff*

                                                          */s/ Jennifer R. Johnson*
                                                          ATTORNEYS FOR DEFENDANTS