IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BIGFOOT ON THE STRIP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-3155-CV-S-BP |
| | ) | |
| RANDY WINCHESTER and | ) | |
| EMILY WINCHESTER, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

Plaintiff initiated this suit in state court, and in its Amended Complaint alleges that Defendants published false and defamatory statements on two websites and in an interview with a newspaper reporter. It asserts claims for libel, negligence, and tortious interference with business expectancy. Defendants filed a Motion for Summary Judgment; Plaintiff filed Suggestions in Opposition, and Defendants filed Reply Suggestions. Now pending is Plaintiff's Motion for Leave to File Surreply, (Doc. 166), which is **DENIED**.

The Court's Local Rules provide for the filing of a motion, an opposition, and a reply, (*e.g.,* Local Rule 7.0(c)), and do not contemplate the filing of surreplies. The Court has the discretion to permit a surreply if it believes it necessary to permit a party to address an important issue that was raised for the first time in the moving party's reply suggestions. Here, the Court discerns no necessity for a surreply.

Plaintiff contends that in opposing summary judgment it identified numerous facts advanced by Defendants that were not supported by the Record and accuses Defendants of identifying supporting portions of the Record for the first time in their Reply Suggestions. Plaintiff identifies nine facts for which it argues that a surreply is justified. (Doc. 166, p. 2.)

However, in some of these instances identified by Plaintiff the Defendants did not cite additional facts in the Reply Suggestions. In other instances, Defendants' Reply Suggestions merely referred to testimony appearing elsewhere on the same deposition pages previously cited. In the remaining instances, the dispute involves a minor and inconsequential part of a larger fact and the contested point will play no role in the Court's analysis. Therefore, extending the briefing to address these matters is unnecessary.[1]

Plaintiff also contends that a surreply is necessary so that it can respond to Defendants' argument that certain claims referred to in Plaintiff's opposition were not pleaded in the Amended Complaint; Plaintiff wants an opportunity to argue that Defendants' argument should have been presented in a motion to dismiss or a motion for more definite statement. (Doc. 166, p. 3.) There is no need to allow for such an argument because a party is not required to file a motion to dismiss or a motion for more definite statement in order to confine a plaintiff to the claims asserted in the pleadings.

For these reasons, Plaintiff's request to file a Surreply is denied.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
Date: August 30, 2019     UNITED STATES DISTRICT COURT

---

[1] Plaintiff also seeks an opportunity to address all of Defendants' contentions that Plaintiff has relied on hearsay to prove damages, but the Court will not be addressing Plaintiff's ability to prove damages.